UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| S.F, A MINOR ) | |
| By her parent and next friend ) | |
| THERESA FOSTER ) | |
| 253 V. St., NW, Apt. #21 ) | **Civil Action No:** |
| Washington, D.C. 20001 ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|     v. ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| A Municipal Corporation ) | |
| One Judiciary Square ) | |
| 441 Fourth Street ) | |
| Washington, D.C. 20001 ) | |
| ) | |
|   Defendants. ) | |
| ) | |
| Serve: ) | |
| ) | |
| HON. ANTHONY WILLIAMS, Mayor ) | |
| District of Columbia ) | |
| 1350 Pennsylvania Avenue, NW, 5th floor ) | |
| Washington, D.C. 20004 ) | |
| ) | |
| Serve: ) | |
| ) | |
| ROBERT SPANGNLETTI, ESQ. ) | |
| Office of the Attorney General ) | |
| For the District of Columbia ) | |
| 1350 Pennsylvania Avenue, NW, Suite 409 ) | |
| Washington, D.C. 20004 ) | |
| ) | |
|     And ) | |
| ) | |
| DR. CLIFFORD JANEY ) | |
| In his official capacity as Superintendent ) | |
| of D.C. Public Schools ) | |
| 825 North Capitol St., NE, Suite 9026 ) | |
| Washington, D.C. 20002 ) | |
| ) | |
|   Defendants. ) | |
| _____) | |

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE AND OTHER RELIEF

### JURISDICTION

1.This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act [hereinafter "IDEA"], 20 U.S.C. §§ 1400-1461; the Individuals with Disabilities Education Improvement Act of 2004 [hereinafter "IDEIA"], Pub. L. No. 108-446, Sec. 101, § 615; the Rehabilitation Act of 1973 [hereinafter "Section 504"], 29 U.S.C. § 794; 42 U.S.C. § 1983; 28 U.S.C. § 1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. The Court has pendent jurisdiction pursuant to a D.C. Mun. Regs. tit. 5, §§ 3000.1 et seq.

2.Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### PARTIES

3.Theresa Foster [hereinafter referred to as "the parent" or "the Plaintiffs"] is the adult parent of Shantavia Foster [hereinafter referred to as "S.F."] and has been a resident of the District of Columbia for all times relevant to the filing of this suit. She brings this action on behalf of her daughter, S.F., and in her own right.

4.S.F. was born on November 7, 1992 and is the minor child Theresa Foster with whom she resides in the District of Columbia.

5.The District of Columbia is a municipal corporation that receives federal financial assistance and is required to comply with the IDEA, IDEIA, and Section 504.

6.	Clifford Janey is the Superintendent of the District of Columbia Public Schools ("DCPS"), and as such is responsible for ensuring that all disabled children in the District of Columbia receive a free, appropriate public education and that their rights to equal protection and due process of law are protected.

7.	District of Columbia Public Schools [hereinafter "DCPS"] is the municipal agency charged with providing a free appropriate public education to all disabled children in the District of Columbia.

## FACTUAL ALLEGATIONS

8.	During 2004-2005 school year, S.F. attended P.R. Harris Elementary School in the District of Columbia. Her home school is currently Gage-Eckington Elementary School also in the District of Columbia.

9.	On February 4, 2005, the parent, through counsel, sent a written request to P.R. Harris for initial evaluations to determine S.F.'s eligibility for special education. In that request, the parent specifically stated:

> this request is not in any way intended to restart or relieve
> DCPS of any prior evaluation timelines that may already
> be in effect, and this request is not intended to waive any
> of the parents' or student's rights that would have entitled
> them to have the evaluation process completed by now,
> such as the "Child Find" regulations found in the
> applicable law and regulations.

See Exhibit 1. Request for Initial Evaluations 2/4/05.

10.	On March 24, 2005, DCPS convened a Student Evaluation Plan [hereinafter "SEP"] meeting at P.R. Harris to determine what evaluations were needed for S.F. See Exhibit 2. Meeting Notes 3/24/05. The parent and her educational advocate attended the meeting. During the meeting, one of S.F.'s regular education teachers, Ms. Turley,

3

advised the rest of the team that sometime near the end of the 2003-04 school year she had submitted S.F's name on a list of students that she felt needed to be evaluated. See id. The SEP team agreed that S.F.'s academic and behavioral functioning at school raised sufficient concern for her to be evaluated. See id  Consequently, the team recommended that DCPS conduct a psychological-educational evaluation for S.F. The DCPS-members of the SEP team did not agree with the parent that the evaluations needed to be done in an expedited manner notwithstanding Ms. Turley's previous referral, which had not been acted upon. See id.

11.     On March 31, 2005, the parent, through counsel, filed a Due Process Hearing Request against DCPS due to its failure to complete evaluations for S.F. within a reasonable time after Ms. Turley's referral at the end of the 2003-2004 school year. See Exhibit 3. Due Process Hearing Request 3/31/05. In support of the allegation, the parent relied upon 34 C.F.R. Sec. 300.125 (State responsible for identifying. locating, and evaluating all children with disabilities in the jurisdiction); 34 C.F.R. Sec. 300.300 (State responsible for identifying. locating, and evaluating all children with disabilities in the jurisdiction); 34 C.F.R. Sec. 300.503 (public agency must provide written notice whenever it refuses to evaluate); D.C. Mun. Regs. tit. 5, § 3004.1 (b) (referral for evaluations can be made by teacher); D.C. Code Sec. 38-2501; D.C. Mun. Regs. tit. 5, § 3004.1 (b); and D.C. Mun. Regs. tit. 5, § 3005.2 (evaluations to be done within 120 days of referral). Id.

12.     On or about May 7, 2005, the parent and DCPS entered into a written settlement agreement, which *inter alia*, required DCPS to:

> [. . .] conduct a Psycho-Educational and Vineland/Adaptive behavior assessment within 30 days if not already completed and provide said evaluations to parent's counsel at 202-742-2098, DCPS will also convene an MDT/IEP [multidisciplinary team / individualized educational program] meeting within 30 days to review and revise the IEP and determine compensatory education if warranted.

See Exhibit 4. Settlement Agreement 5/7/05 and Withdrawal of Hearing Request 5/7/05.

13.     The May 7, 2005 agreement also required the parent to provide written notice to the DCPS Office of Mediation and Compliance of any violation of the Settlement Agreement by DCPS prior to filing a Due Process Hearing Request for that violation. Id.

14.     On June 3, 2005, the parent, through counsel, forwarded the Notice specified in the May 7, 2005 Settlement Agreement to the DCPS Office of Mediation and Compliance advising that "DCPS has failed to provide or complete the psychological-educational and Vineland/adaptive behavior assessment or convene the MDT meeting that was called for in the settlement." See Exhibit 5. Notice of Violation 6/3/05. The June 3rd Notice also contained a request for DCPS to contact parent's counsel to discuss bringing the case back into compliance. Id.

15.     As of June 8, 2005, DCPS failed to respond to the parent's June 3rd Notice and, as a consequence thereof, the parent filed a Due Process Hearing Request wherein she alleged that DCPS failed to complete the evaluations and convene the MDT meeting

5

within thirty calendar days as agreed in the May 7th Settlement Agreement.  See Exhibit 6.  Due Process Hearing Request 6/8/05.

16.     On June 13, 2005, parent's counsel received a notice from DCPS advising that the Due Process Hearing for the June 8, 2005 Hearing Request was set for July 13, 2005 at 3:00 p.m.  See Exhibit 7.  Notice of Due Process Hearing 6/13/05.

17.     On June 23, 2005, parent's counsel received a copy of a Vineland Adaptive Behavioral Assessment dated March 7, 2005, which DCPS had apparently conducted for S.F. before the May 7th Settlement Agreement.  See Exhibit 8.  Vineland Adaptive Behavioral Assessment.  That assessment found S.F. to be "moderately low" in most areas of adaptive functioning.  See Id.

18.     In or about late June 2005, parent's counsel received a copy of the psychological-educational evaluation, which DCPS had done for S.F.  That evaluation found S.F. to have cognitive deficiencies.

19.     On or about June 28, 2005, parent's counsel received a letter of invitation for the MDT meeting that had been promised in the May 7, 2005 Settlement agreement.  See. Exhibit 9  Letter of Invitation 6/28/05.  The invitation offered three dates, July 12, 2005; July 13, 2005; and July 14, 2005, as possible dates on which to convene the MDT meeting.  Id.

20.     On July 5, 2005, parent's counsel received a disclosure packet from the DCPS Office of the General Counsel identifying the potential witnesses and documents that DCPS intended to present as evidence at the hearing that was scheduled for July 13, 3005.  See Exhibit 10.  DCPS Disclosure Cover Letter 7/5/05.  The packet from DCPS

6

identified six potential witnesses and only one document, the hearing request that the parent had filed on June 8, 2005.  Id.

21.	On July 6, 2005, five business days before the Due Process Hearing set for July 13, 2005, parent's counsel submitted a disclosure packet to the DCPS Office of the General Counsel identifying the potential witnesses and documents that the parent intended to use as evidence at the hearing.  See Exhibit 11.  Parent's Disclosure Cover Letter 7/6/05.  The packet also included copies of the documents identified.

22.	On or about July 12, 2005, the parent's educational advocate sent a letter to the relevant staff at P.R. Harris suggesting dates other than those offered in the letter of invitation as the parent and advocate were not available on the dates offered by DCPS.

23.	On July 13, 2005, the parent, her educational advocate, and her attorney appeared before Impartial Hearing Officer David Smith, Esq., for the Due Process Hearing that had been scheduled for the Hearing Request filed on June 8, 2005.

24.	As of July 13, 2005, the date of the Due Process Hearing, a date for convening the MDT meeting had not yet been agreed upon by the parties.

25.	At the Due Process Hearing on July 13, 2005, counsel for DCPS argued that the issue regarding the failure to comply with the Settlement was "moot" because, even though the evaluations had not been provided within the 30 day period, as of the day of the hearing, the evaluations had been provided and DCPS had attempted to convene the MDT meeting.  DCPS also presented the testimony of a witness, Tracey Garrett, the special education coordinator at P.R. Harris, S.F.'s attending school.

26.	During her direct examination, Ms. Garrett testified that the school had sent copies of the evaluations in question to parent's counsel on June 23, 2005, and that the

school had, on June 28, 2005, also sent an invitation for the multi-disciplinary team meeting.

27.     During cross-examination, Ms. Garrett conceded that the school had not sent the evaluations or made the invitation for the meeting within the time frame specified in the May 7, 2005 Settlement Agreement. When asked why the evaluations had not been provided and the meeting convened within the time frames provided in the May 7, 2005 Settlement Agreement, Ms. Garrett testified that the school was not even in possession of the evaluation reports until about June 23, 2005.

28.     During both cross examination and direct examination, Ms. Garrett made reference to facsimiles that the school had sent to parent's counsel on June 23, 2005 and June 28, 2005, documents that had not been identified in either DCPS's or the parent's disclosures and as such were not in evidence at the hearing. In light of Ms. Garrett's references to these documents, the hearing officer at the hearing, allowed a recess for Ms. Garrett to submit copies of the documents in question. During the recess, the documents were received at the hearing site by facsimile and admitted into the record.

29.     In response to DCPS's case, parent's counsel argued and highlighted evidence that DCPS had failed to comply with the terms of the May 7, 2005 Settlement Agreement by failing to provide the evaluation reports to the parent and her counsel within thirty calendar days and by failing to convene the MDT/IEP meeting within thirty calendar days.

30.     That, as of the date of the hearing, DCPS had yet to comply with all the terms of the May 7, 2005 Settlement Agreement as the MDT/IEP meeting that had been promised in the agreement had not yet taken place; that the parties were attempting to schedule the

meeting pursuant to DCPS's letter of invitation dated June 28, 2005, but that that fact still remained that the June 28th letter of invitation, the first effort by DCPS to convene the MDT meeting, had come well after the time frame in the Settlement Agreement.

31. On July 21, 2005, subsequent to the Due Process Hearing but before the issuance of the Hearing Officer's Determination [ hereinafter "HOD"], the MDT meeting in question took place with the parent and her educational advocate during which it was determined that S.F. qualified for special education as a mentally retarded student. An Individualized Educational Program [hereinafter "IEP"] was developed entitling S.F. to 20 hours per week of specialized instruction and half an hour per week of counseling. See Exhibit 12. IEP 7/21/05 and meeting notes.

32. During the MDT meeting on July 21, 2005, the parent and her advocate requested that the team award approximately 720 hours of compensatory education based on DCPS's failure to have properly identified and evaluated S.F. during the 2003-2004 school year, when her teacher first became concerned about her academic and behavioral problems. Id. The DCPS-members of the team, however, refused to award any compensatory education. Id.

33. On July 25, 2005, the HOD from the July 13, 2005 hearing was issued. See Exhibit 13. Hearing Officer's Determination 7/25/05. In the HOD, the hearing officer dismissed the parent's claims. In the findings, the hearing officer concluded:

> The evaluations were completed, but not forwarded to the parent's counsel until after the 30 day period and the meeting did not go forward within the 30 day period. [. . .]
>
> With regard to the evaluations, it can be concluded that tissue of "mootness" is applicable; the documents have in fact been provided. With regard to the question of the MDT meeting, it is concluded that this issue is not moot,

9

> because the meting has not occurred, but that both sides have agreed and attempted to schedule the MDT meeting within the next two to three weeks. Furthermore, the record reflects that both sides have contributed to the meeting not going forward prior to the Hearing, even if beyond the 30 day period. Even so, there has been no showing that an exception to the "mootness" doctrine is applicable under the facts of this case. As stated above, the only issue that is not "moot" is regarding the MDT meeting not going forward by the time of the Hearing, due to the actions of both parties.
>
> In any event, the question here is not "mootness", but whether the failure to comply with the 30 day time period in the Settlement Agreement constituted a denial of FAPE?
>
> The record is clear that DCPS failed to comply with the specific terms of the Settlement in that providing the parent the evaluations and letters of invitation to attend the MDT/Eligibility meeting occurred approximately two weeks after the 30 day period. Also, there was some discussion on the record that DCPS record that DCPS identified at least three dates for holding the meeting, but the dates identified were also beyond the 30 dya period. The question that remains is that even concluding there was a violation, does the violation rise to the level of a denial of FAPE, or is technical in nature, not harming the rights of the student of the parent.
>
> The answer to this question is that there has been no showing of a denial of educational benefit by the failure to furnish the evaluations within 30 days of the Settlement Agreement or to convene the MDT meeting within 30 days of the Settlement Agreement. AT most, in this case, the failure to comply with the time frame in the Settlement Agreement was a technical violation, but not one that would constitute of denial of FAPE.

Id..

**COUNT I.  DISTRICT OF COLUMBIA PUBLIC SCHOOLS FAILED TO COMPLY WITH THE TERMS OF THE MAY 7, 2005 SETTLEMENT AGREEMENT RESULTING IN A DENIAL OF S.F.'S RIGHT TO A FREE APPROPRIATE PUBLIC EDUCATION.**

34. The Plaintiff re-alleges paragraphs 1-33.

35. That as early as the 2003-2004 school year, S.F. experienced academic and behavioral problems at school sufficient in nature to require her evaluation for special education.  See Exhibit 2.

36. That on or about May 7, 2005, the parties entered into a Settlement Agreement requiring DCPS to provide a Vineland and Psychological-educational assessment and MDT meeting within 30 calendar days of the Agreement.  See Exhibit 4.

37. That DCPS failed to comply with the terms in the May 7, 2005 Settlement Agreement to provide the evaluations and convene the MDT meeting within thirty calendar days.

38. That DCPS did not provide the evaluation reports to the parent or her representatives until late June 2005, more than two weeks after the expiration of the time provided in the May 7, 2005 Settlement Agreement for it to do so.

39. That S.F.'s school, P.R. Harris, was not even in possession of the evaluation reports until on or about June 23, 2005, more than two weeks after the expiration of the time frame in the May 7, 2005 Settlement Agreement.

40. That DCPS did not send an invitation for the MDT meeting to the parent or her representatives until on or about June 28, 2005, more than three weeks after the expiration of the time frame in the May 7, 2005 Settlement Agreement for it to do so. See Exhibit 9.

41.     That the MDT meeting in question did not take place until July 21, 2005, after the Due Process Hearing, and more than six weeks after the expiration of the time provided in the May 7, 2005 Settlement Agreement.  <u>See Exhibit 12</u>.

42.     That in the July 25, 2005 HOD, the hearing officer determined that DCPS's failure to provide the parent with copies of the evaluations within the time frame in the Settlement was moot because "the documents have in fact been provided."  <u>See Exhibit 13</u>.

43.     That the hearing officer's finding that the issue of providing the evaluations after the time frame in the May 7, 2005 Settlement Agreement was "moot" is a clear error of law.

44.     That in the July 25, 2005 HOD the hearing officer found that DCPS did not invite the parent to an MDT meeting until June 28, 2005, more than 30 days after the execution of the Settlement Agreement.

45.     That the hearing officer's conclusion in the July 25, 2005 HOD that DCPS's failure to provide the evaluations and convene the MDT meeting within 30 days of the Settlement Agreement was a "technical violation, but not one that would constitute a denial of FAPE" is an error.

46.     That DCPS's failure to provide the evaluations and convene S.F.'s MDT meeting within the time frames of the May 7, 2005 Settlement Agreement was a denial of FAPE in that it caused an unnecessary and harmful delay in S.F. receiving the special education she was finally found to need at the MDT on July 21, 2005.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1.	Issue judgment for Plaintiffs and against Defendants;

2.	Issue appropriate preliminary injunctive relief requiring Defendants to fund 720 hours of private after-school tutoring as compensatory education for the period from September 1, 2004 to the present and continuing;

3.	Issue appropriate preliminary injunctive relief requiring Defendants to fund 20 hours of private psychological counseling as compensatory education for the period from September 1, 2004 to the present and continuing;

4.	Issue appropriate preliminary injunctive relief requiring Defendants to convene an MDT meeting, to be scheduled through parent's counsel, to identify an appropriate placement with placement to be made within five business days if for a public school or program or within thirty calendar days if for a non-public school or program;

5.	Award Plaintiffs attorneys' fees and the costs of this action;

6.	Award any other relief the Court deems just.

	Respectfully Submitted,


	_____
	Tilman L. Gerald
	Bar No. 928796
	James Brown & Associates, PLLC
	1220 L Street, NW, Suite 700
	Washington, D.C.   20005
	Counsel for Plaintiffs
	202 742-2000