# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
# STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capital Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| Shantavia Foster ("Student") | ) | **HEARING OFFICER'S DECISION**[1] |
| Date of Birth: November 7, 1992 | ) | |
| Petitioner, | ) | Hearing Dates:  July 13, 2005 |
| v. | ) | Held at:  825 North Capitol Street, NW |
| | ) | 8th Floor |
| | ) | Washington, DC 20002 |
| District of Columbia Public Schools | ) | |
| 825 North Capitol Street, NW | ) | Attending School: |
| Washington, DC 20002 | ) | P.R. Harris |
| ("DCPS" or "District") | ) | |
| | ) | Hearing Request: |
| Respondent. | ) | June 8, 2005 |


**Counsel for Parent**

Miguel Hull, Esq.
1220 L Street, NW
Suite 700
Washington, D.C. 20005

**Counsel for DCPS:**

Stephanie Ramjohn-Moore, Esq.
District of Columbia Public Schools,
9th Floor
825 North Capitol Street, NW
Washington, DC 20002

---

[1]      An index of names is attached hereto for the benefit of the parties.  The index will permit
the parties to identify specific witnesses and other relevant persons.  The index is
designed to be detached before release of this Hearing Officer's Determination as a
public record.

1

# INDEX OF NAMES

### Shantavia Foster v. DCPS

| | |
|---|---|
| DCPS Speech and Language Therapist | |
| Interpreter | |
| Special Education Coordinator, DCPS | Ms. Tracye Garrett |
| | |
| | |
| | |
| | |
| Education Advocate | Mr. Juan J. Fernandez |
| CHILD AND CHILD'S DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Theresa Foster, Mother |
| Child/Parent's Representative | Miguel Hull, Esq. |
| School System's Representative | Stephanie Ramjohn-Moore, Esq. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## IMPARTIAL DUE PROCESS HEARING

**INTRODUCTION:**

A Due Process Hearing was convened on July 13, 2005. The Hearing was held at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002. The Hearing was held pursuant to a hearing request submitted by counsel for the parent dated June 8, 2005.

**ISSUE:**

1.    Whether DCPS failed to comply with a Settlement Agreement dated May 5, 2005?

Whether DCPS denied the student FAPE by failing to convene an MDT/Eligibility meeting?

**JURISDICTION:**

The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the *Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145*, effective October 21, 1998.

**DUE PROCESS RIGHTS:**

Counsel for the parent waived a formal reading of the due process rights.

**FINDINGS OF FACT:**

1.    The parties entered into a Settlement Agreement ("Settlement") dated May 5, 2005[2] that, among other things stated the following:

"4. DCPS agrees to conduct a Psycho-Educational and Vineland/adaptive behavior Assessment within 30 days if not already completed and provide said evaluations to Parent's counsel at 202-742-208, DCPS will also convene an MDT/IEP meeting within 30 days to review and revise the IEP and determine compensatory education if warranted."

2.    By letter dated June 3, 2005, counsel for the parent informed DCPS Office of Mediation and Compliance that DCPS had failed to provide the Psycho-Educational Evaluation and the Vineland/adaptive behavior assessment or convene the MDT meeting.[3]

---

[2]    SF-03
[3]    SF-04

3

3.     Ms. Tracye Garrett testified at the Hearing on behalf of DCPS.  Ms. Garrett is the Special Education Coordinator at P.R. Harris.  Ms. Garrett testified that the Psycho-Educational Evaluation had been completed on May 25, 2005, but P.R. Harris had not received it then.  She was not sure when the Psycho-Educational evaluation was received, but that her practice is to provide a copy of evaluations to the parent within a couple of days of receipt.  Ms. Garrett also testified that the Vineland had been completed March 7, 2005.  She further testified that the evaluations were provided to parent's counsel on June 23, 2005 and July 7, 2005.

4.     Ms. Garrett testified that she had received counsel's letter of June 3, 2005 about the failure to comply with the Settlement Agreement.  She also testified that a Letter of Invitation to attend an MDT/Eligibility meeting was sent to parent's counsel on June 28, 2005, but no meeting date had been confirmed.  She further testified that attempts had been made to schedule the meeting, but a date had not been set as of the date of the Hearing.  In any event, Ms. Garrett said that P.R. Harris is ready to convene a meeting.

5.     Mr. Juan Fernandez testified for the parent.  Mr. Fernandez is the student special education advocate.  Mr. Fernandez testified that he had received a call from the school 2 days prior to the Hearing to schedule an MDT meeting and that he had responded and indicated that a meeting could be scheduled within the next two weeks.

## DECISION AND CONCLUSIONS OF LAW:

1.     Based on the record, DCPS and the parent entered into a Settlement that required DCPS to conduct a psycho-educational evaluation and a Vineland assessment and to convene an MDT/Eligibility meeting within 30 days of May 5, 2005.  The evaluations were completed, but not forwarded to the parent's counsel until after the 30 day period and the meeting did not go forward within the 30 day period.

2.     As of the date of the Hearing, the evaluations have been completed and provided to parent's counsel by July 7, 2005.  Furthermore, a Letter of Invitation to attend an MDT meeting dated June 28, 2005 was submitted to the parent's counsel.  However, the MDT meeting has not taken place.  DCPS provided testimony that attempts were made to schedule the meeting, but the parent's representatives did not respond with dates.  The parent provided testimony that her advocate had been in contact to schedule the meeting.  Both parties through the testimony of their respective witnesses stated on the record that the MDT/Eligibility meeting could take place within the next two to three weeks.

3.     DCPS argues that the issue with a failure to comply with the Settlement is "moot" because, even though beyond the 30 day period, the matter is moot because the evaluations have been provided and DCPS has attempted to schedule a meeting and is ready to convene a meeting.  The parent argues that even though the applicable evaluations have been completed and even though DCPS has attempted to arrange for an MDT/Eligibility meeting, the matter is not "moot" because the record shows that DCPS did not meet the terms of the Settlement within the 30 day period as agreed.

4

4.    With regard to the question of the issues in this case being "Moot" it has been
held that "mootness" arises "when the issues presented are no longer 'live' or the parties lack a
cognizable interest in the outcome."[4]  An exception to the "mootness" doctrine is were a matter
is "capable of repetition yet evading review" where a party can demonstrate that "(1) the
challenged action [is] in its duration too short to be fully litigated prior to its cessation or
expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be
subjected to the same action again."[5]

5.    With regard to the evaluations, it can be concluded that the issue of "mootness" is
applicable; the documents have in fact been provided. With regard to the question of the MDT
meeting, it is concluded that this issue is not moot, because the meeting has not occurred, but that
both sides have agreed and attempted to schedule the MDT meeting within the next two to three
weeks. Furthermore, the record reflects that both sides have contributed to the meeting not going
forward prior to the Hearing, even if beyond the 30 day period. Even so, there has been no
showing that an exception to the "mootness" doctrine is applicable under the facts of this case.
As stated above, the only issue that is not "moot" is regarding the MDT meeting not going
forward by the time of the Hearing, due to the actions of both parties.

6.    In any event, the question here is not "mootness," but whether the failure to
comply with the 30 day time period in the Settlement Agreement constituted a denial of FAPE?

7.    The record is clear that DCPS failed to comply with the specific terms of the
Settlement in that providing the parent the evaluations and letters of invitation to attend the
MDT/Eligibility meeting occurred approximately two weeks after the 30 day period. Also, there
was some discussion on the record that DCPS identified at least three dates for holding the
meeting, but the dates identified were also beyond the 30 day period. The question that remains
is that even concluding there was a violation, does the violation rise to the level of a denial of
FAPE, or is technical in nature, not harming the rights of the student or the parent.

8.    The answer to this question is that there has been no showing of a denial of
educational benefit by the failure to furnish the evaluations within 30 days of the Settlement
Agreement or to convene the MDT meeting within 30 days of the Settlement Agreement. At
most, in this case, the failure to comply with the time frame in the Settlement Agreement was a
technical violation, but not one that would constitute a denial of FAPE.

**ORDER**:

This case is DISMISSED.

---

[4]    *Zearley v. Ackerman*, 116 F. Supp. 2d 109 (2000), citing *United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S. Ct. 1202, 63 L.Ed. 2d 479 (1980).
[5]    *Zearley v. Ackerman*, 116 F. Supp. 2d 109 (2000), citing *United States v. Weston, 14 F. 3d, 146 (D.C. Cir (1999).

5

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Date: 7 - 25 -05

Issued: 7-25-05

David R. Smith, Esq.
Impartial Hearing Officer

6

## INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### IMPARTIAL DUE PROCESS HEARING

| | |
|---|---|
| In the Matter of ) | **CERTIFICATION OF RECORD** |
| ) | |
| Shantavia Foster, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| District of Columbia Public Schools ) | |
| 825 North Capitol Street, NW ) | |
| Washington, DC 20002 ) | |
| ("DCPS" or "District") ) | |
| Respondent. ) | |

I, David R. Smith, Impartial Due Process Hearing Officer in this matter, DO

HEREBY CERTIFY that the attached Record of Proceeding itemizes the record in

the above-entitled matter as of this date, consisting of the items admitted into evidence,

including disclosure exhibits and the audio tape recording of the Due Process Hearing.

EXECUTED this 25th day of July, 2005.

_____
DUE PROCESS HEARING OFFICER

7

## MATTER OF SHANTAVIA FOSTER V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 6-8-05 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 6-13-05 | Notice of Due Process Hearing |
| 7-5-05 | DCPS Disclosure Exhibits: DCPS-01 through DCPS-03 |
| 7-13-05 | Audio recordings of hearings |
| 7-6-05 | Parent Disclosure Exhibits: SF-01through SF-09 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

8