UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERESA FOSTER, et al., : | |
| : | |
| PLAINTIFFS : | |
| : | Civ. Action No. 05-1686(CKK) |
| v. : | |
| : | |
| DISTRICT OF COLUMBIA, et al., : | |
| : | |
| DEFENDANTS. : | |

## **DEFENDANTS' ANSWER TO COMPLAINT**

(Paragraph numbers below correspond to the paragraph numbers in the complaint.)

1. Defendants admit the existence of the cited statutes and local regulations, but deny that this Court has jurisdiction thereunder.

2. This allegation is a conclusion of law to which no response is required. If a response is required, then the same is denied.

3. Admitted as to sentence one. Sentence two is the pleaders' characterization of the action to which no response is required. If a response is required, then the same is denied.

4. Admitted.

5. Admitted.

6. Admitted that Clifford Janey is the Superintendent of the District of Columbia Public Schools ("DCPS"). The remaining allegation is a conclusion of law and/or of the

1

pleader to which no response is required. If a response is required, then the same is denied.

7. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

8. Admitted.

9. Admitted that Plaintiffs sent a request for evaluations dated February 4, 2005. The document, attached to the Complaint as Exhibit 1, speaks for itself; the remaining allegations are Plaintiffs' characterizations of the contents of the document to which no response is required. If a response is required, then the same are denied.

10. Admitted as to sentences one and two. The document, attached to the Complaint as Exhibit 2, speaks for itself; the remaining allegations are Plaintiffs' characterizations of what occurred at the meeting to which no response is required. If a response is required, then the same are denied.

11. Admitted that Plaintiffs filed a due process hearing request on March 31, 2005. The document, attached to the Complaint as Exhibit 3, speaks for itself; the remaining allegations are Plaintiffs' characterizations of the contents of the document to which no response is required. If a response is required, then the same are denied.

12. Admitted that the parent and Defendants entered into a written settlement agreement in May, 2005. The document, attached to the Complaint as Exhibit 4, speaks for itself; the remaining allegations are Plaintiffs' characterizations of the contents of the document to which no response is required. If a response is required, then the same are denied.

13. Plaintiffs' Exhibit 4 speaks for itself. This allegation is Plaintiffs' characterization of Exhibit 4, to which no response is required. If a response is required, then the same is denied.

14. Plaintiffs' Exhibit 5 speaks for itself. These allegations are Plaintiffs' characterizations of the contents of the document to which no response is required. If a response is required, then the same are denied.

15. This allegation is Plaintiffs' rationale for filing a due process request, and Plaintiffs' characterization of the contents of Plaintiffs' Exhibit 6 to which no response is required. If a response is required, then the same is denied.

16. Plaintiffs' Exhibit 7 speaks for itself. This allegation is Plaintiffs' characterization of Exhibit 7, to which no response is required. If a response is required, then the same is denied.

17. Defendants' acknowledge the existence of a Vineland Adaptive Behavioral Assessment dated March 7, 2005. Defendants' lack knowledge and information sufficient to enable them to know when Plaintiffs received a copy of the assessment. Sentence two is Plaintiffs' characterization of the assessment, Plaintiffs' Exhibit 8, to which no response is required. If a response is required, then the same is denied.

18. Defendants lack knowledge and information sufficient to enable them to respond to the allegation in sentence one. Sentence two is Plaintiffs' characterization of the evaluation, to which no response is required. If a response is required, then the same is denied.

19. Defendants lack knowledge and information sufficient to enable them to respond to the allegation in sentence one. Sentence two is Plaintiffs' characterization of

Exhibit 9, to which no response is required.  If a response is required, then the same is denied.

20. Defendants lack knowledge and information sufficient to enable them to respond to the allegation in sentence one.  Sentence two is Plaintiffs' characterization of Exhibit 10, to which no response is required.  If a response is required, then the same is denied.

21.  Plaintiffs' Exhibit 11 speaks for itself; the remaining allegations are Plaintiffs' characterizations of Exhibit 11, to which no response is required.  If a response is required, then the same are denied.

22.  Defendants lack knowledge and information sufficient to enable them to respond to this allegation.

23.  Admitted.

24.  Defendants lack knowledge and information sufficient to enable them to respond to this allegation.

25.  These allegations are Plaintiffs' characterizations of events that occurred during the July 13, 2005 due process hearing to which no response is required.  If a response is required, then the same are denied.

26.  These allegations are Plaintiffs' characterizations of events that occurred during the July 13, 2005 due process hearing to which no response is required.  If a response is required, then the same are denied.

27.  These allegations are Plaintiffs' characterizations of events that occurred during the July 13, 2005 due process hearing to which no response is required.  If a response is required, then the same are denied.

28. These allegations are Plaintiffs' characterizations of events that occurred during the July 13, 2005 due process hearing to which no response is required. If a response is required, then the same are denied.

29. These allegations are Plaintiffs' characterizations of events that occurred during the July 13, 2005 due process hearing to which no response is required. If a response is required, then the same are denied.

30. These allegations are Plaintiffs' characterizations of events that occurred during the July 13, 2005 due process hearing to which no response is required. If a response is required, then the same are denied.

31. Admitted.

32. Plaintiffs' Exhibit 12 speaks for itself; the remaining allegations are Plaintiffs' characterizations of Exhibit 12 to which no response is required. If a response is required, then the same are denied.

33. Admitted as to sentences one and two. The July 25, 2005 Hearing Officer's Determination ("HOD") speaks for itself; the remaining allegation is Plaintiffs' characterization of the HOD to which no response is required. If a response is required, then the same is denied.

34. In answer to this allegation, Defendants hereby incorporate its answers to paragraphs 1 – 33.

35. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

36. Plaintiffs' Exhibit 4 speaks for itself; the remaining allegation is Plaintiffs' characterization of Exhibit 4 to which no response is required. If a response is required, then the same is denied.

37. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

38. The May 7, 2005 Settlement Agreement speaks for itself; this allegation is Plaintiffs' characterization of the Settlement Agreement to which no response is required. If a response is required, then the same is denied.

39. At this time, Defendants lack knowledge and information sufficient to enable them to respond to this allegation.

40. The May 7, 2005 Settlement Agreement speaks for itself; this allegation is Plaintiffs' characterization of the Settlement Agreement to which no response is required. If a response is required, then the same is denied.

41. The May 7, 2005 Settlement Agreement speaks for itself; this allegation is Plaintiffs' characterization of the Settlement Agreement to which no response is required. If a response is required, then the same is denied.

42. The HOD speaks for itself; this allegation is Plaintiffs' characterization of the HOD to which no response is required. If a response is required, then the same is denied.

43. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

44. The HOD speaks for itself; this allegation is Plaintiffs' characterization of the HOD to which no response is required. If a response is required, then the same is denied.

45. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

46. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The decision of the hearing officer at issue is supported by substantial evidence, is in accordance with the applicable law, and should be affirmed by this Court as a matter of law.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
 District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
 Civil Litigation Division

EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

*/s/ Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**December 21, 2005**