UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THERESA FOSTER** : <br> **Parent and next friend of S.F., a minor** : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **DISTRICT OF COLUMBIA, et al.,** : <br> : <br> **Defendants** : <br> : <br> : | Civil Action No. 05-1686(CKK) |

## JOINT RULE 16.3 REPORT

_____COMES NOW the parties, Plaintiff Theresa Foster, parent and next friend of S.F., a minor, and Defendant District of Columbia, by their respective counsel and pursuant to this Court's Order dated January 11, 2006 and Local Rule 16, file the Joint 16.3 Report.

The counsel for the parties conferred by telephone on January 18, 2006 and consistent with the said telephone conference, the parties respectfully submit the following:

I.     Statement of the case

_____Plaintiff and the Defendant entered into a Settlement Agreement on May 4, 2005 in lieu of a Due Process Hearing.  The Settlement Agreement required the Defendant, inter alia, to conduct a Psycho-educational and  Vineland/adaptive assessments within thirty (30) days thereof and to provide Plaintiff's counsel with copies of the reports of the completed evaluations.  The Settlement agreement further required the Defendant to convene an MDT/IEP meeting within thirty (30) days to review and revise, if necessary, the IEP for S.F. and to determine if

compensatory education is warranted. Plaintiff contends that the Defendant breached the parties Settlement Agreement as it failed to completed the evaluations within the time limits agreed upon by the parties and as a consequence thereof, S.F. was denied an free and appropriate public education to which she is entitled. Plaintiff further asserts that the Hearing Officer erred in dismissing her complaint and in its ruling that the failure of the Defendant to comply with the time limits set forth in the parties' agreement was a technical violation and therefore did not constitute a denial of FAPE.

The Defendant disputes the allegations of a denial of FAPE and asks this court to affirm the Hearing Officer's Determination.

    II.    <u>Matters discussed by the Parties Pursuant to Local Rule 16.3(c)</u>

1. Based on the information available, the parties believe that this case can be decided by dispositive motion.

2. The parties do not anticipate the need for joining parties or amending the pleadings. At this time, the parties do not believe that the factual and legal issues can be agreed upon or narrowed.

3. The parties do not believe that this matter should be assigned to a magistrate judge.

4. The parties will discuss settlement, but do not believe that a settlement is possible at this time.

5. Plaintiff is amenable to ADR but the Defendant does not believe that ADR will be beneficial in this case.

6. This case can be decided by dispositive motion and the parties propose the

following schedule:

a. The Defendant will file the Administrative Record on or before March 10, 2006;

b. Plaintiff will file her Motion for Summary Judgment no later than 45 days after the filing of the Administrative Record;

c. Defendants will file their Cross Motion for Summary Judgment and their Opposition no later than 45 days after the filing of Plaintiff's Motion for Summary Judgment.

d. Plaintiff will file her Opposition and Reply no later than 30 days of the filing of the Defendant's Cross Motion for Summary Judgment and Opposition.

e. Defendants will file their Reply no later than 30 days from the filing of Plaintiff's Opposition and Reply.

7. The parties agree to stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

8. The parties do not believe that discovery will be necessary.

9. The parties do not believe that there will be a need for expert witnesses.

10. The instant case is not a class action.

11. There is no need to bifurcate discovery or trial.

12. There is no need for a pretrial conference at this time.

13. At this point, there is no need to set a trial date.

14. The parties are not aware of any other matters that require inclusion in a

scheduling order.

Dated this 24th day of January 2006.

_____

| Tilman L. Gerald (928796) | Veronica A. Porter (412273) |
| James E. Brown & Associates, PLLC | Office of the Attorney General for the |
| 1220 L Street, N. W., Suite 700 | District of Columbia |
| Washington, D.C. 20005 | 441 4th Street, N. W., 6th Floor South |
| 202.742.2000 | Washington, D.C. 20001 |
| | 202.724.6651 |